IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESSIE J. LOGAN, </br>S-01791 </br></br>  Petitioner, </br></br>v. </br></br>WILLIAM MURRAY, </br></br>  Respondent. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>) | </br></br></br></br>12-CV-303-DRH |

### ORDER

**HERNDON, Chief Judge:**

  This matter is before the Court for threshold review. Petitioner is currently housed at Graham Correctional Center, Hillsboro, Illinois. He was convicted in 2004 in Madison County, Illinois, of first degree murder and sentenced to 21 years imprisonment. He seeks habeas review on four grounds: ineffective assistance of counsel for failure to investigate and to call experts to testify that the incident was an accident; that the state's attorney used perjured testimony against him; that he was denied the assistance of counsel on appeal; and ineffective assistance of counsel based on a conflict of interest.

  Petitioner asserts that he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition, and it appears that he has filed this petition in a timely manner. **IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is

entered. This preliminary Order directing a response does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 23, 2012**

Digitally signed by
David R. Herndon
Date: 2012.08.23
10:02:24 -05'00'

**Chief Judge**
**United States District Court**