IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESSIE J. LOGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-303-DRH-DGW |
| | ) | |
| WILLIAM MURRAY, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner, Jessie J. Logan, on April 11, 2012 (Doc. 1) and the Motion to Dismiss filed by Respondent, William Murray, on October 22, 2012 (Doc. 16). For the reasons set forth below, it is **RECOMMENDED** that Respondent William Murray be replaced by Billie J. Michael, the acting Warden of Graham Correctional Center,[1] that the Petition be **DISMISSED**, that the Motion to Dismiss be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On October 7, 2004, Petitioner was convicted of First Degree Murder and sentenced to 21 years of imprisonment (Doc. 1-1, p. 25). Petitioner appealed his conviction and sentence;

---

1 Respondent represents that the Warden of Graham CC has changed and that Billie J. Michael is not the new acting warden. As such, Warden Michael should replace the currently named Respondent, William Murray. *See* FEDERAL RULE OF CIVIL PROCEDURE 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

however, he moved, *pro se*, to voluntarily dismiss the appeal on January 6, 2007 (Doc. 16-2, p. 8). The Court of Appeals obliged, and the appeal was dismissed on January 19, 2007 (*Id.* at 7). There is no showing that Petitioner pursued a direct appeal further.

Petitioner filed his first post-conviction petition with the Circuit Court for Madison County, Illinois alleging ineffective assistance of trial counsel, on May 26, 2006 (Doc. 1-1, p. 25). The post-conviction petition was denied on March 27, 2008 (Doc.1-1, p. 23). On May 21, 2009, the Illinois Court of Appeals issued a Rule 23 Order affirming the Circuit Court's judgment (Doc. 16-2, pp. 1-6). Petitioner's June 22, 2009 Petition for Leave to Appeal was denied by the Illinois Supreme Court on September 30, 3009. *People v. Logan*, 919 N.E.2d 360 (table) (Ill. 2009).

Petitioner filed a motion for leave to file a second post-conviction petition with the Circuit Court for Madison County, Illinois on June 29, 2010 (Doc. 1-1, p. 25). This motion was denied on August 13, 2010, the state court having found that Petitioner waived his claims by failing to include them in his first petition (*Id.* at 25-26). A subsequent appeal to the Illinois Court of Appeals was dismissed for lack of appellate jurisdiction on February 24, 2011 (Doc. 16-2, p. 23). A Petition for Leave to Appeal was denied by the Illinois Supreme Court on May 25, 2011. *People v. Logan*, 949 N.E.2d 1101 (table) (Ill. 2011).

The Petition before this Court was filed on April 11, 2012. Petitioner states his trial counsel was ineffective for failing to conduct a proper investigation, the prosecutor used perjured testimony, and he was denied the right to appellate counsel on post-conviction appeal, and that (direct) appellate counsel was ineffective. Respondent's only argument is that the Petition is untimely.

## CONCLUSIONS OF LAW

The Antiterrorism and Effective Death Penalty Act (ADEPA) imposes time limits on the filing of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  A petitioner must file his Petition within 1 year of various events:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1)

This limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review . . . is pending."  *Id.* at § 2244(d)(2).  In this case, there is no showing that there has been a state created impediment to filing the § 2254 Petition, or that there is a new Constitutional right that is asserted, or that there is a newly discovered factual predicate to Petitioner's claims.  Petitioner's claims, then, should have been filed within one year of the date on which is conviction became final, taking into account the time that was spent on post-conviction proceedings.  Petitioner's conviction became final when his appeal was dismissed by the Illinois Court of Appeals on January 19, 2007.  Petitioner filed his first petition for post-conviction relief prior to that date, on May 26, 2006.  That matter was concluded on September 30, 2009.  The limitations period began to run on that date.  Petitioner filed a motion

to file a second petition for post-conviction relief on June 29, 2010. This motion did not toll the limitations period because it was not a "properly filed" post-conviction petition. *Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009); *Tinker v. Hanks*, 255 F.3d 444, 445-446 (7th Cir. 2001). The Petition before this Court was not filed until April 11, 2012. Because the Petition was filed more than two years after the state proceedings concluded, it is untimely and should be dismissed.

Petitioner did not respond to the Motion to Dismiss. Therefore, there is no argument that the limitations period should be equitably tolled. *See Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In the section of the Petition entitled "Timeliness of Petition," Petitioner indicates that he is unfamiliar with the law and that he has attempted to comply with the law to the best of his ability (Doc. 1, p. 7). This does not display the extraordinary circumstances that would justify tolling the limitations period. *Simms*, 595 F.3d at 781.

Respondent finally argues that Petitioner is not entitled to a certificate of appealability. Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). First, the Petition is untimely. Second, the Court notes that even if the Petition was timely, much of Petitioner's claims are either procedurally defaulted or are not-cognizable on habeas review.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Respondent William Murray be replaced by Billie J. Michael, the acting Warden of Graham Correctional Center, that the Petition (Doc. 1) be **DISMISSED**, that the Motion to Dismiss (Doc. 16) be **GRANTED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen

(14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 8, 2013**

                    **DONALD G. WILKERSON**
                    **United States Magistrate Judge**