IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JESSIE J. LOGAN,**

Petitioner,

v.

**BILLIE J. MICHAEL,**

Respondent.                                              No. 12-cv-303-DRH-DGW

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court is a Report and Recommendation ("R&R") (Doc. 19) issued on March 8, 2013 by United States Magistrate Judge Donald G. Wilkerson recommending dismissal of petitioner's Section 2254 petition for a writ of habeas corpus (Doc. 1). Petitioner is held at Graham Correctional Center in Hillsboro. Also before the Court is Respondent's motion to dismiss (Doc. 16). Respondent claims petitioner's habeas petition is untimely and urges the Court to dismiss the petition with prejudice. Petitioner objects to the R&R, claiming he has a serious medical condition that should render his petition as timely (Doc. 22). And finally before the Court is petitioner's motion for certificate of appealability (Doc. 23). For the following reasons, the Court **GRANTS** respondent's to dismiss, **ADOPTS** the R&R in its entirety and **DISMISSES** petitioner's claims with prejudice, and **DENIES** petitioner's certificate of appealability.

In respondent's motion to dismiss, it claims that petitioner's petition for habeas relief was filed past the one year limitation imposed by the Antiterrorism and Effective Death Penalty Act. Pursuant to 28 U.S.C. § 2244(d)(1):

> 1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, petitioner does not claim a State impediment to filing his petition, nor does he claim a newly recognized and retroactively applicable constitutional right. Petitioner also does not allege a later discovered factual predicate of the claim. In his objection to the R&R, he merely states that he has a medical condition that makes it "impossible" to file a petition on time. Although petitioner asks the Court to toll his petition due to equitable tolling, he fails to explain how his medical condition specifically kept him from

timely filing, and under what legal theory he believes he would be provided a legal basis for equitable tolling.

Additionally, in his objection, petitioner asserts that he has been pursuing his rights diligently, and that he is not an attorney nor a paralegal, having only limited access to a law library. A petitioner's limited access to the prison law library is not grounds for equitable tolling, nor is the lack of legal expertise. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Furthermore, petitioner had the burden to demonstrate his own claimed diligence in pursuing his claim, but failed to present any evidence in support of said diligence. The Court finds that petitioner is not entitled to an equitable tolling of his petition due to extraordinary circumstance. Therefore, his petition is **DISMISSED** as untimely filed.

In addition, petitioner seeks a certificate of appealability, claiming that he received ineffective assistance of counsel during his trial. However, when a district court denies a habeas petition on procedural grounds, without reaching the underlying constitutional claim, as is the case here, the court should issue a certificate of appealability only when the petitioner shows both that reasonable jurists would find it debatable whether petitioner has alleged at least one meritorious claim, *and* that reasonable jurists would find the procedural ruling debatable. *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012). In this case, petitioner has failed to show that it can be debatable that his petition is untimely. Thus, the Court need not even consider whether petitioner made a meritorious claim of denial of his constitutional rights. Accordingly, the Court **DENIES** petitioner's motion for a certificate of appealability (Doc. 23).

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 19) in its entirety and **DISMISSES** petitioner's petition (Doc. 1) with prejudice. Further, the Court **GRANTS** respondent's motion to dismiss (Doc. 16).

**IT IS SO ORDERED.**

Signed this 2nd day of July, 2013.

David R. Herndon
2013.07.02
14:37:18 -05'00'

**Chief Judge
United States District Court**